| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 07-0566-CV-W-ODS ) |
| RLI INSURANCE COMPANY, et al., | ) ) ) |
| Defendants. | ) |

### ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Pending is Defendant RLI Insurance Company's Motion to Dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of the jurisdictional prerequisite of standing and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. # 9). For the following reasons, the Motion to Dismiss is granted in part and denied in part.

## I. Background

This case involves a dispute between a primary and excess insurer of the same named insured. Plaintiff West American Insurance Company ("Plaintiff") issued a primary automobile liability policy to Stanley Miller with per person limits of $250,000, and a per occurrence limit of $500,000. (Am. Comp.[1] ¶ 13). Defendant RLI Insurance Company ("Defendant") issued a personal umbrella policy to Miller with limits of $1 million, which provided liability insurance to Miller for any amount for which he was found liable in excess of his policy limits under Plaintiff's policy. (Am. Comp. ¶ 15; ¶ 26; ¶ 37). Miller was involved in an automobile accident and adjudged liable to the underlying plaintiffs. (Am. Comp. ¶ 7; ¶¶ 10-11). Plaintiff defended Miller in the underlying actions. (Am. Comp. ¶ 14). Judgments were entered against Miller in

---

[1] "Am. Comp." refers to Plaintiff's Amended Complaint.

excess of the limits of Plaintiff's automobile liability policy. (Am. Comp. ¶ 10). Defendant contends that Plaintiff refused, on multiple occasions, to take advantage of opportunities to settle within its primary policy limits. (Defendant's Suggestions in Support of Motion to Dismiss p.2 n.1).

Plaintiff alleges that it provided Defendant's agent and broker with timely notice of the underlying plaintiffs' claims against Miller. (Am. Comp. ¶¶ 16, 18-23). Plaintiff further contends that Defendant took no action with regard to the claims and lawsuits filed by the underlying plaintiffs against Miller, that Defendant denied coverage to Miller under the Defendant's personal umbrella policy, and that Defendant refused to participate in the underlying suits filed against Miller. (Am. Comp. ¶ 25).

The underlying plaintiffs filed a garnishment action against Plaintiff and Miller seeking to enforce the judgments. (Am. Comp. ¶ 6; ¶ 24). Plaintiff provided Miller a defense in the garnishment action. (Am. Comp. ¶ 29). Plaintiff alleges that Defendant caused or contributed to cause the filing of the garnishment action against Plaintiff and Miller, and also caused or contributed to cause the garnishment action to continue for over a year by not paying the underlying plaintiffs. (Am. Comp. ¶ 41). Defendant eventually paid the excess judgments, after previously refusing to do so claiming it did not receive timely notice of the claims and claiming Plaintiff acted in bad faith in failing to settle the underlying suits within the limits of Plaintiff's policy. (Am. Comp. ¶ 38; ¶¶ 32-33). Plaintiff asserts claims of vexatious refusal to pay, bad faith, and prima facie tort, seeking damages incurred by Plaintiff in defending itself and Miller in the garnishment action. Plaintiff also seeks a declaratory judgment that it owed and owes no duties to Defendant under Plaintiff's policy. (Am. Comp. ¶ 65).

**II. Standard**

Standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit. City of Clarkson Valley v. Mineta, 2007 WL 2050854, at *2 (8th Cir. July 19, 2007). This "threshold" prerequisite requires an evaluation of (1) injury, (2) causation, and (3) redressability. Id.

A motion to dismiss for failure to state a claim should be granted when it appears

that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45046 (1957)).  In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

### III. Discussion

*A. Standing*

Plaintiff has established each of the three elements of standing.  As alleged, Plaintiff has suffered an injury in fact, in that it was forced to incur monetary costs in defending itself and Miller against the underlying garnishment action.  Causation is established because Plaintiff would not have been forced to incur the costs had Defendant paid the underlying excess judgments in a timely manner.  Finally, Plaintiff's injuries would be redressed by a favorable ruling by this Court awarding monetary damages to compensate Plaintiff for the costs it incurred due to Defendant's refusal to immediately pay the underlying plaintiffs.  Plaintiff may or may not have a viable cause of action, but this is a different issue.  Accordingly, Plaintiff has standing to sue; its claims will not be dismissed under Rule 12(b)(1).

*B. Failure to State a Claim*

i. Vexatious Refusal to Pay

Plaintiff alleges Defendant vexatiously refused to pay the underlying plaintiffs and thereby seeks damages pursuant to MO. REV. STAT. § 375.420 for the monetary costs it incurred in defending itself and Miller against the underlying garnishment action.  A claim for statutory vexatious refusal to pay a claim under Missouri law arises out of an insurer's refusal to pay a first-party claim made by the insured on the policy.  See Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 67-68 (Mo. banc 2000); Duncan v. Andrew County Mut. Ins. Co., 665 S.W.2d 13, 19-20 (Mo. App. 1983) ("Section 375.420 . . . provides a statutory procedural remedy in favor of insureds for redress of abuses by insurers in disposing of first party claims under policies of property and related insurance.").  Plaintiff's Amended Complaint alleges only a third-party

3

claim–Defendant's failure to pay the underlying plaintiffs, not its failure to pay Miller. Additionally, Plaintiff is not the insured. Plaintiff's statutory vexatious refusal to pay claim, therefore, fails to state a claim upon which relief can be granted.

### ii. Bad Faith

Count II of Plaintiff's Amended Complaint alleges a cause of action for "bad faith." In first recognizing the tort cause of action for bad faith, the Missouri Supreme Court defined an insurer's duty "to act honestly to effectually indemnify and save the insured harmless as it has contracted to do–to the extent, if necessary, that it must make whatever payment in settlement an honest judgment and discretion dictate, within the limits of the policy, and an abandonment of this duty to act subsequent to its assumption in part constitute[s] bad faith." Zumwalt v. Utilities Ins. Co., 228 S.W.2d 750, 754 (Mo. 1950). "The insurance company incurs liability exposure in such 'bad faith' claims when the company refuses to settle a claim within the policy limits as a result of the company's bad faith in disregarding the interests of its insured in hopes of escaping its responsibility under the liability policy." Overcast, 11 S.W.3d at 67 (citing Zumwalt, 228 S.W.2d at 754). However, Missouri does not recognize a duty of good faith owed by an excess insurer to a primary insurer. See, e.g., Reliance Ins. Co. in Liquidation v. Chitwood, 433 F.3d 660, 664 (8th Cir. 2006). Because Defendant owed no legal duty to Plaintiff, Plaintiff's bad faith claim fails to state a claim upon which relief can be granted.

### iii. Prima Facie Tort

Plaintiff also alleges Defendant committed a "prima facie tort" in not paying the excess judgment immediately, thereby causing Plaintiff to incur defense costs. The elements of a prima facie tort claim in Missouri are: (1) an intentional lawful act by the defendant; (2) an intent to injure the plaintiff; (3) injury to the plaintiff; and (4) insufficient justification for the defendant's action. Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996). "A valid business interest will generally provide sufficient justification to defeat a claim for prima facie tort." LLP Mortgage Ltd. v. Marcin Inc., 224 S.W.3d 50, 55 (Mo. Ct. App. 2007).

Plaintiff has alleged, in a very general sense, each of the four elements.

Accordingly, Plaintiff's prima facie tort claim must survive a motion to dismiss under Rule 12(b)(6). However, at the summary judgment stage of the litigation, the Court will closely evaluate whether Plaintiff can actually provide evidence to support the elements of this claim. Specifically, the Court will analyze whether there is any evidence to back up Plaintiff's assertions that Defendant acted with an intent to injure Plaintiff and that Defendant had no valid business interest justifying its conduct.

### iv. Declaratory Judgment

Count IV of Plaintiff's Amended Complaint seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that it owed and owes no duties to Defendant under its policy with Miller. Plaintiff states that Defendant created a controversy over what, if any, duties were owed to Defendant when, in the garnishment action that has since been dismissed by the parties, Defendant cross-claimed that Plaintiff owed it a duty of good faith in settling the underlying plaintiffs' claims within its policy limits. Additionally, Defendant's Suggestions in Support of its Motion to Dismiss cite cases establishing a primary insurer's duty of good faith to an excess insurer that is derivative of the primary insurer's duty to the insured. See e.g., Chitwood, 433 F.3d at 664; Central Nat'l Ins. Co. of Omaha v. Medical Protective Co. of Fort Wayne, 107 F.R.D. 393, 394-95 (E.D. Mo. 1985) ("When there is excess liability coverage, the duty owed the excess insurance carrier by the primary carrier is identical to that owed to the insured.").

Defendant argues for dismissal, claiming it is the "true" or "natural" plaintiff and that Plaintiff's claim is merely an attempt to divest Defendant of its right to choose the forum. However, Defendant has not yet filed suit, so the principle invoked is inapplicable. See AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004). Additionally, "the presumption is in favor of declaratory jurisdiction." BASF Corp. v. Symington, 50 F.3d 555, 558 (8th Cir. 1995). Accordingly, Plaintiff's claim for declaratory judgment will not be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part.

IT IS SO ORDERED.

                                                /s/ <u>Ortrie D. Smith</u>
                                                ORTRIE D. SMITH, JUDGE
DATE: November 7, 2007            UNITED STATES DISTRICT COURT