IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 07-0566-CV-W-ODS ) |
| RLI INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

ORDER AND OPINION (1) GRANTING MOTION FOR LEAVE TO FILE SUR-REPLY, (2) GRANTING MOTION TO APPLY KANSAS LAW, AND (3) GRANTING MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM

Pending is Defendant RLI Insurance Company's ("RLI") Motion to Apply Kansas Law to RLI's Counterclaim against Plaintiff West American Insurance Company ("West American") and to West American's Declaratory Judgment Claim against RLI (Doc. # 41). Also pending is West American's Motion for Leave to File a Sur-Reply to RLI's Motion to Apply Kansas Law (Doc. # 50). RLI has also filed a Motion for Leave to File an Amended Answer and Counterclaim (Doc. # 45). For the following reasons, all three motions are GRANTED.[1]

I. BACKGROUND

This case involves a dispute between a primary and excess insurer of the same insured. West American issued a primary automobile liability policy to Stanley Miller with per person limits of $250,000, and a per occurrence limit of $500,000. RLI issued a personal umbrella policy to Miller with limits of $1 million, which provided liability insurance to Miller for any amount for which he was found liable in excess of his policy

---

[1] West American's Sur-Reply, attached as Exhibit A to its Motion for Leave to File a Sur-Reply, is deemed filed.

limits under West American's policy. Miller was involved in an automobile accident and adjudged liable to the underlying plaintiffs. West American defended Miller in the underlying actions. Judgments were entered against Miller in excess of the limits of West American's automobile liability policy. West American seeks a declaratory judgment that it owed and owes no duties to RLI under West American's policy. RLI has asserted a counterclaim against West American for bad faith failure to settle the claims, contending West American refused, on multiple occasions, to take advantage of opportunities to settle within its primary policy limits.

## II. CHOICE OF LAW

The parties have engaged in a lengthy discussion about which state's law should be applied. RLI contends that Kansas law should be applied, as the relationship between West American and Miller is centered in Kansas and Kansas has the greatest interest in the outcome of the litigation because the bad faith failure to settle claim arises out of West American's treatment of a Kansas insured under a Kansas insurance policy. West American contends that Missouri law should apply because, among other things, the underlying lawsuit was filed in Missouri and Missouri is where the excess judgments were entered.

Before beginning a choice-of-law analysis a district court must first determine whether a conflict exists between potentially applicable state laws. Prudential Ins. Co. of America v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007). Both Kansas and Missouri recognize a cause of action for an insurer's bad faith failure to effect a settlement within the limits of an insurance policy. However, Kansas law also recognizes a claim for negligent failure to settle within policy limits, while Missouri does not. Compare Bollinger v. Nuss, 449 P.2d 502, 508 (Kan. 1969) with Zumwalt v. Utilities Ins. Co., 228 S.W.2d 750, 753 (Mo. 1950).

West American contends this is merely a "hypothetical conflict" because RLI has not asserted a counterclaim for negligent failure to settle. However, RLI has filed a Motion to Amend its Answer and Counterclaim to include a claim for negligent failure to

2

settle in the event the Court decides that Kansas law applies. Therefore, there is a relevant conflict between the laws of Kansas and Missouri because a cause of action that RLI seeks to allege is only available if Kansas law is applied.[2]

In determining which state's substantive law governs, a district court must apply the forum state's choice-of-law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Missouri has adopted the principles set forth in the Restatement (Second) of Conflict of Laws 2d (1979) to determine which state's law applies. Kennedy v. Dixon, 439 S.W.2d 173, 184 (Mo. banc 1969). The Restatement requires the application of the state's law with the "most significant relationship" to the claim. However, the factors considered in the most significant relationship test depend on whether the claim is based in tort or contract. Compare Goede v. Aerojet General Corp., 143 S.W.3d 14, 24-25, n.6 (Mo. Ct. App. 2004) (citing Restatement (Second) Conflict of Laws § 145 and listing factors to be considered in the choice of law analysis for tort actions), with Armstrong Business Services, Inc. v. H&R Block, 96 S.W.3d 867, 872 (Mo. Ct. App. 2002) (citing Restatement (Second) of Conflict of Laws § 188 and listing the factors to be considered in the choice of law analysis for contract actions).

The classification and characterization of choice of laws concepts must also be determined according to the laws of the forum state. Harlan Feeders, Inc. v. Grand Laboratories, Inc., 881 F. Supp. 1400, 1404 (N.D. Iowa 1995) ("The first step in determining any choice of law question is to determine the proper characterization of what kind of case is involved, and the law of the forum controls this questions as well."). RLI argues that its Counterclaim arises from an insurance contract, and is therefore contractual in nature. However, Missouri law characterizes bad faith failure to settle as a tort claim. Duncan v. Andrew County Mut. Ins. Co., 665 S.W.2d 13, 18 (Mo. Ct. App. 1983) (citing Zumwalt v. Utilities Ins. Co., 228 S.W.2d 750 (Mo. 1950)). Therefore, the

---

[2] RLI also asserts that Kansas and Missouri law differ with respect to the process by which rights of subrogation are enforced for the bad faith claim. Because the Court has determined that Kansas and Missouri law conflict based on Kansas law's recognition of a negligent failure to settle claim, the Court does not reach the issue of whether there is a conflict in how subrogation rights are enforced.

factors set forth in Section 145 of the Restatement (Second) Conflict of Laws will control in determining which state's law has the most significant relationship to RLI's counterclaim and West American's similar declaratory judgment claim.

The contacts that must be considered in a Section 145 analysis for tort claims are: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. In the context of this case, however, the important relationship to consider is that between West American and the insured, Stanley Miller. More specifically, the duty that was allegedly breached was that owed by the primary insurer, West American, to the insured, Stanley Miller. See Truck Ins. Exch. v. Prairie Framing, LLC, 162 S.W.3d 64, 94 (Mo. Ct. App. 2005) ("Missouri law provides that where an insurer has 'acted in bad faith in refusing to settle within the policy limits it [is] liable in tort . . . to the insured for the entire resulting judgment against the insured, including that part in excess of the policy limits.'"); see also Bollinger v. Nuss, 449 P.2d 502, 507-08 (Kan. 1969) ("[T]he insurer, in defending and settling claims against its insured, owes to the insured the duty not only to act in good faith but also to act without negligence.").

An excess carrier that has paid the excess judgments is then subrogated to the rights of the insured to bring the bad faith failure to settle claim against the primary insurer. Central Nat'l Ins. Co. of Omaha v. Medical Protective Co. of Fort Wayne, 107 F.R.D. 393, 395 (E.D. Mo. 1985) (excess carrier "stands in the shoes of the insured, and may assert against [the primary insurer] those claims which [the insured] could have asserted"); see also Insurance Co. of North America v. Medical Protective Co., 768 F.2d 315, 320-21 (10th Cir. 1985) (recognizing excess insurer's right to bring bad faith failure to settle claim against primary insurer as the insured's subrogee). Therefore, the tort choice of law contacts must be evaluated according to the relationship between West American and Stanley Miller.

Miller is a resident of Kansas. If he had not carried excess coverage, West American's alleged failure to settle within policy limits would have injured his financial

4

interests where he resides, in Kansas. West American's claims handling and settlement communications occurred primarily between West American's agent in Colorado and the underlying claimants' attorney in Missouri. West American allegedly improperly failed to apprise Miller, in Kansas, of any of the settlement offers or their subsequent rejections. West American's principal place of business is in Ohio, and it is incorporated in Indiana. While the underlying lawsuit was filed in Missouri, the suit would not have been filed at all, nor would the excess judgments have been entered, if West American had settled the claims.

West American issued Miller an insurance policy in Kansas, and the policy contained provisions required by Kansas law. The insured automobile was located in Kansas. Accordingly, the relationship between Mr. Miller and West American is centered in Kansas. The state of Kansas, therefore, has a greater interest than any other state in the claim because it involves the settlement of claims asserted against a Kansas insured under a Kansas insurance policy. The relevant contacts related to RLI's counterclaim and West American's declaratory judgment action dictate the application of Kansas law.

## III. CONCLUSION

For the foregoing reasons, RLI's Motion to Apply Kansas Law to RLI's counterclaim against West American and to West American's declaratory judgment claim against RLI is GRANTED. RLI's Motion for Leave to File an Amended Answer and Counterclaim is also GRANTED. West American is permitted to withdraw and re-file its Motion for Summary Judgment to address RLI's counterclaim pursuant to Kansas law.

IT IS SO ORDERED.

DATE: April 21, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT