IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 07-0566-CV-W-ODS ) |
| RLI INSURANCE COMPANY, et al., | ) ) ) |
| Defendants. | ) |

ORDER AND OPINION (1) GRANTING RLI'S MOTION FOR LEAVE TO FILE A SUR-REPLY AND (2) DENYING WEST AMERICAN'S MOTION TO DISMISS RLI'S CLAIM FOR ATTORNEYS' FEES AND EXPENSES

Pending is West American Insurance Company's ("West American") Motion to Dismiss RLI Insurance Company's ("RLI") Claim for Attorneys' Fees and Expenses (Doc. # 73). Also pending is RLI's unopposed Motion for Leave to File a Sur-Reply to West American's Motion to Dismiss Claim for Attorneys' Fees and Expenses (Doc. # 81). RLI's Motion For Leave to File a Sur-Reply is granted. For the following reasons, West American's Motion to Dismiss is denied .[1]

I. BACKGROUND

This case involves a dispute between a primary and excess insurer of the same named insured. Plaintiff West American issued a primary automobile liability policy to Stanley Miller with per person limits of $250,000, and a per occurrence limit of $500,000. Defendant and Counter-Plaintiff RLI issued a personal umbrella policy to Miller with limits of $1 million, which provided liability insurance to Miller for any amount for which he was found liable in excess of his policy limits under West American's

---

[1] RLI's Sur-Reply, attached as Exhibit A to its Motion for Leave to File a Sur-Reply, is deemed filed.

policy. Miller was involved in an automobile accident and was adjudged liable to the underlying plaintiffs. West American defended Miller in the underlying action. Judgments were entered against Miller in excess of the limits of West American's automobile liability policy.

The underlying plaintiffs filed a garnishment action against West American and Miller seeking to enforce the judgments. West American provided Miller a defense in the garnishment action. West American alleges that RLI caused or contributed to cause the filing of the garnishment action against West American and Miller, and also caused or contributed to cause the garnishment action to continue for over a year by not paying the underlying plaintiffs. RLI initially refused to pay the excess judgments, claiming it did not receive timely notice of the claims and claiming West American acted in bad faith in failing to settle the underlying suits within the limits of West American's policy. However, RLI later paid the excess judgments.

In this lawsuit, West American seeks to recover damages it incurred in defending itself and Miller in the garnishment action. West American also seeks a declaratory judgment that it owed and owes no duties to RLI under West American's policy. RLI has counterclaimed for bad faith failure to settle, contending that West American refused to take advantage of opportunities to settle within its primary policy limits. RLI later amended its counterclaim to include a claim for attorneys' fees and expenses pursuant to Kansas Statutes Annotated § 40-256. West American's pending motion seeks dismissal only of RLI's claim for attorneys' fees and expenses.

## II. STANDARD

In order to survive a motion to dismiss for failure to state a claim "the complaint must allege facts, which, when taken as true, raise more than a speculative right to relief." Benton v. Merrill Lynch & Company, Inc., 524 F.3d 866, 870 (8th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200

(2007) (per curiam) (citing Twombly, 127 S.Ct. at 1964). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

### III. DISCUSSION

RLI seeks to recover its attorneys' fees and expenses incurred in pursuing its claim for bad faith failure to settle pursuant to K.S.A. § 40-256. The statute reads:

> That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . on any policy or certificate of any type of insurance, if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of the loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action . . . .

K.S.A. § 40-256.

*A. K.S.A. § 40-256 applies in claims of bad faith failure to settle within policy limits.*

West American argues the statute is not applicable under the facts of this case. West American relies on Grohusky v. Atlas Ins. Co., for the proposition that the statute only applies to proceedings against insurance carriers to enforce the provisions of insurance policies, but not to actions against insurance carriers for tortious conduct. 408 P.2d 697 (Kan. 1965). In Grohusky, two insurers paid an insured's fire loss. One insurer, later believing it had paid more than its fair allocation of the loss, stopped payment on the check it had issued to the insured, causing the insured's checks to bounce. The insured filed suit against the insurance company for his losses, and also sought attorney's fees under K.S.A. § 40-256. The Kansas Supreme Court held that K.S.A. § 40-256 did not apply to the insured's claim for damages caused by the insurance company's "tortious conduct," stating the statute only applied to claims arising from the terms and conditions of the insurance policy. Grohusky, 408 P.2d at 703.

West American then suggests that because RLI's claim for bad faith failure to settle within policy limits sounds in tort, K.S.A. § 40-256 is not applicable. However, Kansas

3

courts have consistently held that a claim for bad faith failure to settle within policy limits is a contract claim. See e.g., Bergeson v. Dilworth, 875 F. Supp. 733, 738 (D. Kan. 1995) ("Under Kansas law, a claim against an insurance company for bad faith refusal to settle is a contract action . . . . A wrongful failure to settle arises from the insurance company's contractual duty to defend. An action to enforce that obligation is based on breach of contract."). In Gilley v. Farmer, the Kansas Supreme Court observed that "[i]mplicit in the usual liability insurance policy is a covenant on the part of the insurer that, in defending or settling a claim against its insured, it will act in good faith and with reasonable care for his interests." 485 P.2d 1284, 1284 (Kan. 1971). The court further noted that this principle applied equally to claims establishing an insurer's indebtedness outside the policy limits. "In either case the action sounds in contract." Id. Accordingly, contrary to West American's position, a claim for bad faith failure to settle is an action to enforce the provisions of the insurance policy, and West American's reliance on Grohusky is misplaced.

West American also relies on the case of Covill v. Philips for the broad proposition that the statute does not apply to claims premised on an alleged failure by an insurance company to negotiate a settlement within the policy limits of the underlying claims. Covill was a garnishment proceeding involving an excess judgment, where the garnishor-judgment creditor sought recovery from the tortfeasor's insurer, including attorneys' fees under K.S.A. § 40-256. West American quotes from the opinion in stating:

> [A]pplication of K.S.A. § 40-256 cannot be premised on [the insurance company's] wrongful failure to negotiate a settlement within the policy limits of the claims that were the subject matter of the principal action . . . [and] assessment of attorney's fees under the statute could not be predicated upon [the insurance company's] refusal to pay its insured's demand for payment of the $75,000 excess judgment entered against him in the principal action.

Covill, 455 F. Supp. 485, 488 (D. Kan. 1978).

In context, however, the court limited the above-quoted holding to the facts of the case because other requirements under the statute had not been met. Furthermore, in another passage of the opinion the district court acknowledges that "the Tenth Circuit

4

Court of Appeals has squarely held that K.S.A. § 40-256 'does not limit its applicability to direct actions by the insured against the insurance carrier but rather provides for recovery in all actions against the carrier in which there has been an unjustified refusal to pay under the policy.'" Id. at 487 (quoting Coleman v. Holecek, 542 F.2d 532 (10th Cir. 1976)). Therefore, the case does not support West American's argument.

   *B. Claims for bad faith failure to settle can be asserted under subrogation principles.*

The Kansas Supreme Court has expressly held "that an insured's breach of contract claim for bad faith or negligent refusal to settle may be assigned." Glenn v. Fleming, 799 P.2d 79, 91 (Kan. 1990). Therefore, using principles of subrogation, an excess insurer can step into the shoes of the insured to assert a claim for bad faith failure to settle against the primary insurer. Pacific Employers Ins. Co. v. P.B. Hoidale Co., Inc., 789 F. Supp. 1117, 1121 (D. Kan. 1992). Therefore, RLI is subrogated to the rights of Miller in its action to recover damages caused by West American's alleged bad faith failure to settle within the primary policy limits.

   *C. Claims for attorneys' fees under K.S.A. § 40-256 can be asserted under subrogation principles.*

The Kansas Supreme Court has recognized a judgment-creditor's right to recover attorney's fees against an insurer in a garnishment action under K.S.A. § 40-256. See Watson v. Jones, 610 P.2d 619, 626 (Kan. 1980). Furthermore, Kansas courts have consistently held that in post-excess judgment garnishment actions, judgment-creditors obtain the right to claim attorneys' fees as assignees of the insured. See Smith v. Blackwell, 791 P.2d 1343, 1347 (Kan. App. 1989); Farmco, Inc. v. Explosive Specialists, Inc., 684 P.2d 436, 442-43 (Kan. App. 1984). West American argues that because each of these cases were garnishment actions, they are distinguishable from the case at bar. More specifically, West American states that garnishment actions are proceedings against insurance carriers to enforce provisions of insurance policies, unlike this case, which it characterizes as a tort claim. Again, as

5

discussed previously, Kansas courts consider claims for bad faith failure to settle to be claims to enforce the provisions of an insurance policy. The fact that RLI has asserted its claim in the present case, rather than in a garnishment proceeding, is immaterial.

Finally, West American argues that it never refused to pay the total amount of the loss covered by the West American policy, making the statute inapplicable. Rather, West American states that it defended Miller and paid its full policy limits, plus pre- and post-judgment interest and court costs on the judgments entered against Miller. This argument misses the point. By allegedly failing to settle the claims within the policy limits, excess judgments were entered against Miller, and paid by RLI. It is the judgment in excess of West American's policy, plus interest, that is the loss at issue–a loss that RLI can seek to recover, plus attorneys' fees under the statute, as a subrogee of the insured, Miller.

## IV. CONCLUSION

For the foregoing reasons, West American's Motion to Dismiss RLI's Claim for Attorneys' Fees and Expenses is denied.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: August 25, 2008 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, JUDGE<br>UNITED STATES DISTRICT COURT |