IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-0566-CV-W-ODS |
| RLI INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER AND OPINION DENYING PLAINTIFF'S MOTIONS TO EXCLUDE THE
EXPERT TESTIMONY OF ANDREW GELBACH AND BRUCE KEPLINGER

Pending are Plaintiff West American Insurance Company's ("West American")
Motions to Exclude or Limit the Expert Testimony of Andrew Gelbach (Doc. # 138) and
Bruce Keplinger (Doc. # 139), experts designated by Defendant RLI Insurance
Company ("RLI"). For the following reasons, West American's motions are denied.

This case involves a dispute between a primary and excess insurer of the same
insured. West American issued a primary automobile liability policy to Stanley Miller
with per person limits of $250,000, and a per occurrence limit of $500,000. RLI issued a
personal umbrella policy to Miller with limits of $1 million, which provided liability
insurance to Miller for any amount for which he was found liable in excess of his policy
limits under West American's policy. Miller was involved in an automobile accident and
adjudged liable to the underlying plaintiffs. West American defended Miller in the
underlying actions. Judgments were entered against Miller in excess of the limits of
West American's automobile liability policy. West American seeks a declaratory
judgment that it owed and owes no duties to RLI under West American's policy.
RLI has asserted a counterclaim against West American for bad faith failure to settle the
claims, contending West American refused, on multiple occasions, to take advantage of
opportunities to settle within its primary policy limits. RLI has designated Mr. Gelbach
and Mr. Keplinger to provide expert opinion in support of RLI's claim for bad faith failure

to settle.

Mr. Gelbach represented the plaintiffs in the underlying personal injury action against Miller. He has been a personal injury plaintiff's attorney for over thirty years, often litigating automobile and trucking accident cases. He has years of experience valuing personal injury cases and negotiating settlements with liability insurance companies. Mr. Keplinger has also been a practicing attorney for over thirty years. During his career he has valued personal injury claims for insurance companies and has been retained by insurance companies to advise them as to their duties in adjusting personal injury claims.

In Missouri, expert testimony is admissible to establish the standard of care owed by a professional. See Blevens v. Holcomb, 469 F.3d 692, 694 (8th Cir. 2006). Further, an expert witness may state his opinion if it will be helpful to the jury in understanding the evidence or in determining a fact in issue. Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990). Such an opinion "is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact." Id. On the other hand, expert opinion testimony should be excluded if it is "so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be." Id. (citing Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987)).

The Court concludes that Mr. Gelbach and Mr. Keplinger are qualified to give their opinions regarding the standard of care of insurance companies in investigating and negotiating claims against insureds. The Court further concludes that their opinions as to the value of the personal injury claims against Miller and also whether the settlement offers rejected by West American were reasonable and should have been accepted, would be helpful to the jury. Accordingly, West American's motions to exclude or limit their testimony are denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: May 28, 2009                        UNITED STATES DISTRICT COURT

2