IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-0566-CV-W-ODS |
| RLI INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER AND OPINION GRANTING
DEFENDANT RLI INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY
JUDGMENT

Pending is Defendant RLI's Motion for Partial Summary Judgment on West American's prima facie tort claim (Doc. # 131). For the following reasons, the motion is granted.

I. BACKGROUND

This case arises following a dispute between the primary and excess insurance carriers of the same named insured, Stanley Miller. Previous court documents (see, e.g., Doc. # 171) have given a more detailed background of this case, so here the Court points out only facts relevant to West American's claim of prima facie tort.

West American notified RLI and RLI's authorized agent for purposes of receiving notice of claims, Defendant Agency Services Corporation of Kansas ("ASCK")[1], of the claims against Miller in April 2005. ASCK mistakenly informed West American that Miller was not covered by an RLI umbrella policy during the period in which his accident occurred. West American then defended Miller against personal injury claims arising the accident, resulting in arbitration awards to the underlying plaintiffs. These awards

---

[1] Defendant ASCK has now been dismissed on Summary Judgment (Doc. # 171).

were in excess of Miller's automobile policy limits, and eventually Miller became the subject of garnishment proceedings.

RLI learned of garnishment proceedings against Miller in July 2006. RLI denied coverage at that time, on the basis that it had not received timely notice of the claims. At some point RLI determined that ASCK had probably received notice of the claims in April 2005, at which time RLI paid the excess judgments against Miller.

In this lawsuit, West American seeks to recover damages caused by RLI's delayed payment of the excess damage awards based on a theory of prima facie tort under Missouri law. RLI asks that summary judgment be granted, arguing that Kansas law, which does not recognize a prima facie tort cause of action, applies.

## II. STANDARD

Summary judgment is indicated where a claim is advanced with "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). Judgment as a matter of law is appropriate where the movant demonstrates that the nonmovant has failed to sufficiently establish an essential element of the nonmovant's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The evidence must be evaluated in the light most favorable to the nonmoving party, with all justifiable inferences resolved in his favor. Adickes v. S.H. Kress, 398 U.S. 144, 157 (1970).

## II. DISCUSSION

It is not necessary to decide which state's law will apply in this case, because in either state, the claim for prima facie tort must fail. Under Kansas law, the claim does not exist. Under Missouri law, the claim is disfavored, and cannot be used to substitute where another, more appropriate remedy exists.

No published opinion supports the theory of prima facie tort under the laws of the state of Kansas. Mid Gulf, Inc. v. Bishop, 792 F. Supp. 1205, 1216 n.2 (D. Kan. 1992).

2

Plaintiff does not identify any reason to believe the tort is recognized in Kansas. Missouri courts recognize a claim for prima facie tort very rarely, and in limited applications. Catron v. Columbia Mut. Ins., 723 S.W.2d 5, 5 (Mo. 1987). "No case resulting in a burden for the plaintiff on a prima facie tort theory has been affirmed by the Missouri appellate courts." Brown v. Missouri P.R. Co., 720 S.W.2d 357, 361 (Mo. 1986).

Here, the claim of West American is more akin to a negligence action, but Missouri does not recognize a direct duty between primary and excess insurers. Reliance Ins. Co. v. Chitwood, 433 F.3d 660, 664 (8th Cir. 2006). Lacking the element of duty which would be necessary to establish a negligence cause of action, West American has turned to prima facie tort as a "tort of the last resort." Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 68 n.4 (Mo. 2000). Prima facie tort "is not a duplicative remedy for claims that can be sounded in other traditionally recognized tort theories, or a catchall remedy of last resort for claims that are not otherwise salvageable under traditional causes of action." Nazeri v. Missouri Valley College, 860 S.W.2d 303, 315 (Mo. 1993). The use of prima facie tort to replace other existing, but nonviable, claims, "circumvent[s] the will of the Missouri legislature." Catron, 723 S.W.2d at 6. Here, allowing West American to maintain a cause of action for prima facie tort would create duties and obligations for umbrella insurers, in contravention to Missouri cases holding no such duty exists. West American cannot use the prima facie tort to salvage a claim where one has been held to not exist.

Even if the claim is legally viable, the Record demonstrates RLI is entitled to summary judgment because the elements of prima facie tort cannot be satisfied. To establish a prima facie tort in Missouri, the claimant must show 1) an intentional wrongful act by the defendant, 2) the defendant intended injury to the plaintiff, 3) the plaintiff was injured, and 4) there was not sufficient justification for the defendant's actions. Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996). West American cannot create a genuine issue of material fact regarding RLI's intent to injure West American. While West American claims that RLI wished to force West American to "kick in" more money towards the judgment against Stanley Miller, this conduct would not constitute

3

the "specific, clear-cut, express malicious intent to injure" required to prove this element of a prima facie tort. See Woolsey v. Bank of Versailles, 951 S.W.2d 662, 668 (Mo. Ct. App. 1997).

There is no evidence on which a jury could find that RLI had an express desire to injure West American. The memo referencing RLI's desire that West American "kick in" more than its coverage limit does not establish an intent to injure, but rather, points to a desire by RLI to protect its own business interests. West American has produced no colorable claim that RLI acted with malicious intent to cause West American injury, so the second element of prima facie tort fails.

West American also cannot support its claim that RLI lacked sufficient justification for its actions. A valid business interest is enough to provide sufficient justification for a defendant's actions where prima facie tort is the claim. LLP Mortgage Ltd. v. Marcin Inc., 224 S.W.3d 50, 55 (Mo. Ct. App. 2007). The record provides no basis for a jury to find RLI lacked a valid business interest when it delayed payment. In fact, in providing evidence of the "kick in" that RLI hoped to induce from West American – causing RLI's payout to be minimized – West American has suggested a business reason for RLI's actions. Because there is no evidence on which a reasonable jury could conclude that RLI did not have a valid business interest in initially delaying payment of the excess damage award, summary judgment is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendant RLI's Motion for Summary Judgment on West American's prima facie tort claim is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 14, 2009  UNITED STATES DISTRICT COURT