IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 07-0566-CV-W-ODS<br>) |
| RLI INSURANCE COMPANY, et al., | )<br>)<br>) |
| Defendants. | ) |

<u>ORDER AND OPINION (1) GRANTING IN PARTY AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Pending are the parties' opposing motions for summary judgment (Doc. # 135 & # 140). The Court concludes that Plaintiff West American Insurance Company (West American) is not entitled to summary judgment on the bad faith counterclaim asserted by Defendant RLI Insurance Company (RLI). The Court further concludes that RLI is entitled to summary judgment on several of West American's affirmative defenses.

In previous documents (see, e.g., Doc. # 171), the Court has provided a detailed background of the relevant facts giving rise to RLI's counterclaim. Those facts will not be repeated here except as necessary to discuss the parties' summary judgment arguments.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and

1

which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Get Away Club, Inc. v. Coleman*, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied*, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In Kansas, an insured can impose liability against his or her primary insurer for negligence or bad faith in settling a claim that results in a judgment against the insured in excess of the primary insurer's policy limits. *Nungesser v. Bryant*, 283 Kan. 550, 560, 153 P.3d 1277 (2007). If the insured has a policy for excess insurance coverage, the excess insurer is liable for the excess judgment. In that event, the excess insurer is subrogated to the insured's position and can assert the insured's claim for negligence or bad faith against the primary insurer. *See Pacific Employers Ins. Co. v. P.B. Hoidale Co., Inc.*, 789 F. Supp. 1117, 1121 (D. Kan. 1992).

RLI's counterclaim alleges that West American failed to settle the underlying tort claims against Miller in bad faith, resulting in an excess judgment RLI had to pay. RLI further maintains that its payment of the excess judgment entitles it to be subrogated to Miller's cause of action for bad faith against West American. West American counters that Miller has no cause of action for bad faith because he was never exposed to the excess judgment. According to West American, it fully protected Miller's assets with a high/low agreement, the terms of which stated that the underlying tort claimants' recovery was limited to all applicable insurance policies. West American reasons that since Miller has no cause of action against West American for bad faith in light of the alleged high/low agreement, RLI has no cause of action either.

2

In *Heinson v. Porter*, 244 Kan. 667, Syl. ¶ 4, 772 P.2d 778 (1989), the Kansas Supreme Court held that "[a]ny liability of an insurance company in excess of its policy limits must be based upon wrongdoing by the insurer *which has caused loss to its insured*." (Emphasis added). This principle would support West American's argument, since the excess judgments caused no loss to Miller. However, the Kansas Supreme Court overturned this rule of law the very next year in *Glenn v. Fleming*, 247 Kan. 296, Syl. ¶ 5, 799 P.2d 79 (1990). In *Glenn*, the court approved of covenants not to execute where a tort victim agrees not to enforce a tort judgment against the insured in exchange for an assignment of the insured's cause of action against his or her insurer. The tort victim can subsequently proceed against the insurer despite the fact that the insured is fully protected by the agreement and can suffer no loss from a tort judgment. *See Glenn*, 247 Kan. 315-19. In such a case, it is the insured--not the insurer--who has protected the insured's interests.

The result in *Glenn* makes sense when considered in light of the policy behind bad faith actions, which is to hold an insurer accountable for failing to fulfill its contractual obligation to protect its insured. *See Berges v. Infinity Ins. Co.*, 896 So.2d 665, 683 (Fla. 2004), *see also Bollinger v. Nuss*, 202 Kan. 326, 333, 449 P.2d 502 (1969) (holding that standards of good faith and due care are imposed on insurer because "[p]ublic policy dictates that the insured's interests be adequately [protected].") However, unlike the insured in *Glenn*, Miller was not forced to bargain away his rights in order to gain protection of his assets--a jury could conclude West American protected Miller's assets with the alleged high/low agreement. Thus, the policy behind bad faith actions would not be supported if West American were to be held liable despite the existence of the alleged high/low agreement protecting Miller.

The Court rules that West American cannot be liable to RLI for bad faith if West American protected Miller's assets with the high/low agreement. The question whether the high/low agreement existed is a disputed issue of fact which must be determined by the jury.

If the jury concludes that the high/low agreement did not exist, the next question will be whether West American engaged in bad faith in failing to settle the claims against Miller. This is a question of fact. *Levier v. Koppenheffer*, 19 Kan. App. 2d 971, 879 P.2d 40 (1994). Here, the evidence is in conflict whether West American acted in bad faith. Accordingly, this question cannot be decided as a matter of law and will need to be determined by the jury.

The Court further holds that RLI is entitled to summary judgment on West American's affirmative defenses of comparative negligence, estoppel, waiver, and unclean hands. Each of these defenses has as its factual predicate RLI's misrepresentation to West American (through RLI's agent) that no excess coverage existed for Miller. West American contends that it relied on this misrepresentation in setting the high of the arbitration agreement at all applicable policies of insurance. The problem with these defenses is that RLI's misrepresentation has no relevance to whether *Miller* could assert a cause of action for bad faith. Since RLI is subrogated to Miller's rights, the misrepresentation has no effect on the viability of RLI's cause of action either.

RLI is not entitled to summary judgment on West American's defense of failure to mitigate, however. There is evidence that RLI refused to pay the excess judgments after they were entered against Miller, which allowed interest to accrue. The evidence is in conflict whether RLI's refusal in this regard was unreasonable. Accordingly, if West American is found to have acted in bad faith, a jury must decide whether RLI failed to mitigate its damages. If so, RLI's recovery will be reduced to reflect the interest that should not have accrued.

West American contends RLI breached its policy by denying coverage and that RLI cannot now complain of any settlement. The case law West American cites for this argument, however, deals with an insurer's wrongful refusal to *defend* its insured, which binds the insurer to any settlement the insured thereafter obtains. *See, e.g.*, *First Hays*

4

*Banshares, Inc. v. Kansas Bankers Sur. Co.*, 244 Kan. 576, 583, 769 P.2d 1184 (1989). RLI's denial of excess coverage is not analogous the cases cited by West American, and its argument fails.

West American next claims that RLI is not the real party in interest because it did not pay Miller's entire judgment, citing *Thompson v. James*, 3 Kan. App. 2d 499, 597 P.2d 259 (1979). *Thompson* held that

> [w]hen the [insured's] loss has been only partially satisfied by insurance, the insured is a proper party to bring suit for the deficiency. It is the Total [*sic*] loss resulting from the accident, not the loss covered by insurance, which determines whether an insured remains a real party in interest after having been compensated by the insurer.

3 Kan. App. 2d 499, Syl. ¶ 4. Under West American's logic, however, an excess insurer could *never* be the real party in interest in a bad faith action against a primary insurer because an excess insurer would never pay the insured's "[t]otal loss." The Court does not believe Kansas courts would apply *Thompson* to a situation such as here, where an excess insurer has sued a primary insurer for bad faith.

West American finally contends there is no causal connection between its alleged bad faith and RLI's claimed damages. Viewing the evidence in the light most favorable to RLI, there is an obvious causal connection between West American's alleged bad faith and RLI's claimed damages. This argument lacks merit.

In sum, trial must be held to determine first whether West American protected Miller's assets with the high/low arbitration agreement. If the jury finds that Miller's assets were protected, West American is not liable to RLI because West American could not be held liable to Miller. However, if the jury finds Millers assets were not protected, the jury must then consider whether West American rejected settlement offers in bad faith. If the jury determines West American acted in bad faith, the final question for the jury will be whether RLI failed to mitigate its damages by allowing

5

interest to accrue on the excess judgments.  If so, West American will be entitled to a reduction of RLI's damage award.

IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, JUDGE
DATE: October 8, 2009                UNITED STATES DISTRICT COURT