UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff-Counter-Defendant, | ) ) |
| V. | ) CASE NO. 07-0566-CV-W-ODS ) |
| RLI INSURANCE COMPANY, | ) ) ) |
| Defendant-Counter Plaintiff. | ) |

### RLI'S SUGGESTIONS IN OPPOSITION TO WEST AMERICAN'S MOTION IN LIMINE NO. 2

COMES NOW Defendant-Counter Plaintiff RLI Insurance Company ("RLI"), and files its Suggestions in Opposition to West American's Motion in Limine No. 2 (Doc. 233, 234).

1. West American argues the Arbitration Awards that gave rise to this lawsuit are hearsay, and that the public records and residual exceptions do not apply.[1] RLI agrees that the Arbitration Awards are hearsay and that the public records exception does not apply. However, other exceptions do apply, including the residual exception.

2. First of all, the Arbitration Awards are excepted from hearsay as records of a regularly conducted activity under FED. R. EVID. 803(6). Rule 803(6) provides that a record of an act, event, condition, opinion or diagnosis is admissible as an exception to the hearsay rule if:

   (1) the record was made at or near the time by – or from information transmitted by – someone with knowledge;

   (2) that the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

   (3) that making the record was a regular practice of that activity;

---

[1] After filing its Motion in Limine No. 2 (Doc. 233, 234), West American stipulated to the admissibility of RLI's Trial Exhibit No. 2, which are the Judgments confirming the Arbitration Awards. (Doc.242, 243). Accordingly, West American has abandoned its argument that the underlying "Judgments" are inadmissible.

1

(4) that all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification; and

(5) that neither the source of the information, nor the method or circumstances of preparation, indicate a lack of trustworthiness.

FED. R. EVID. 803(6). In the instant case, the Arbitration Awards were made at the time the arbitration occurred, or shortly thereafter. These records were kept in the course of a regularly conducted activity of the arbitrator, and it was a regular practice for the arbitrator to keep record of that activity. The conditions here can be attested to, but those condition were waived by West American. In this case, the parties stipulated and:

> mutually agree[d] to waive the business records foundation requirements as to all records the parties are aware of and have seen related to those actions. Generally, these records would include all pleadings, written discovery, document productions, and depositions from the underlying claims and garnishment actions. This mutual waiver would dispense with the need for the testimony of custodians of records or other qualified witnesses, certified records, and/or business-record declarations.

[Doc. 47, 47-1]. Lastly, the source of the arbitration award cannot rationally be considered untrustworthy. Accordingly, the Arbitration Awards are excepted from the hearsay under Rule 803(6).

3. In the alternative, the Arbitration Awards are excepted from hearsay under the residual exception. FED. R. EVID. 807(b). Under Rule 807(b), evidence is not excluded as hearsay if: (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice. The proponent must also give reasonable notice of the intent to use the statement so that the opposing party has

2

a fair opportunity to meet it.[2] In the instant case, as records, the Arbitration Awards are trustworthy and are being offered as evidence of material facts as to that which West American was aware when it wrongfully refused to settle.

4. There can be no doubt that the text of the Arbitration Awards is relevant. The Arbitration Awards do not just announce the verdict, but also detail the factual evidence upon which that verdict is based – the same evidence known by West American, as demonstrated by the deposition testimony in this case. Very simply, the Arbitration Awards could not be more relevant in that they provide an objective, unbiased recitation of the very evidence and arguments presented to West American when it wrongfully refused to settle within its limits.[3] As West American's corporate representative testified in this case, the evidence presented to the arbitrator was the same evidence presented to West American prior to its rejection of the last offer made within its policy limits:

> Q: And just so I am clear, is it West American's position sitting here today that…it was surprised by this arbitration result because of some injury or medical treatment that had never been disclosed to it prior to arbitration?
>
> A: No…we were surprised, we were shocked by the award, but certainly…I don't believe, to my knowledge, there was nothing new that was presented…at that arbitration that I am aware of.
>
> Q: And, in fact, the actual arbitration award was based upon the same injuries that were reflected in the medical records that Mr. Gelbach had previously provided West American; is that right?
>
> A: I believe that's the case, yes.[4]

West American's motivation to exclude the text of the Arbitration Awards is understandable, as the Awards provide an objective, reasoned, and detailed recitation of the factual evidence West

---

[2] See, e.g., *Jones v. WMATA,* 946 F.Supp. 1011, 19 (D.D.C. 1996)(court's opinion from other, related case involving same material issues admissible under residual exception).

[3] Exhibit "A," Deposition of Andrew J. Gelbach, pp. 108:25-109:12

[4] Exhibit "B," Deposition of Paul A. Robbins, pp. 185:11-186:2; *see also* Robbins Dep. pp. 180:20-189:17

3

American ignored in wrongfully refusing to the settle within its policy limits.

5. Furthermore, to exclude the Arbitration Awards would be more prejudicial to RLI than prejudicial to West American. Given the underlying claims were not tried in court resulting in a transcription of the proceedings, the Arbitration Awards' recitation of the facts and arguments presented is the only reliable source to demonstrate that which was in fact presented by the parties during the arbitration proceeding. Without the admission of the text of the Awards, the jury would be invited to speculate as to whether newly developed evidence was presented at the arbitration, given that the verdicts were collectively were 20 times the highest settlement offer made by West American prior to the arbitration proceeding.

WHEREFORE PREMISES CONSIDERED, RLI asks the court to Overrule West American's Motion in Limine No. 2.

Respectfully submitted,

*/s/ Greg K. Winslett*
VINCENT F. O'FLAHERTY    MO # 34693
LAW OFFICES OF VINCENT F. O'FLAHERTY, LLC
2 Emmanuel Cleaver II Blvd., Suite 445
Kansas City, Missouri 64112
Telephone: (816) 931-4800
Fax: (816) 756-2168

GREG K. WINSLETT    TX # 21781900
*Admitted Pro Hac Vice*
MATT R. PICKELMAN    TX # 24013328
*Admitted Pro Hac Vice*
QUILLING SELANDER LOWNDS WINSLETT & MOSER
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Fax: (214) 871-2111

**ATTORNEYS FOR RLI INSURANCE CO.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon all counsel of record electronically in accordance with the Federal Rules of Civil Procedure and in compliance with Local Rule 5.1, on this 1st day of April, 2013.

                                                                */s/ Greg K. Winslett*
                                                                GREG K. WINSLETT